1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RECARDO GONZALES-TURNER, | Case No.  1:15-cv-00131-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S** *IN FORMA PAUPERIS*  **STATUS AND TO REQUIRE PLAINTIFF TO PAY THE FILING FEE** |
| v. | |
| SANDOR, et al., | **(Docs. 3, 5, 11)** |
| Defendants. | **30-DAY DEADLINE** |

Plaintiff, Anthony Recardo Gonzales-Turner, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on January 26, 2015.  On that same date, Plaintiff filed an application to proceed in forma pauperis, which was granted the next day.  (Docs. 3, 5.)

## A.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings in forma pauperis. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

1

1    **B.  <u>DISCUSSION</u>**

2          The Court may take judicial notice of court records.  *United States v. Howard*, 381 F.3d

3    873, 876 n.1 (9th Cir. 2004).  Here, judicial notice is taken of *Turner v. Cates, et al.*, Case

4    Number 2:11-cv-01744-CKD P.  In that action, an order issued on August 22, 2011, denying

5    Plaintiff's application to proceed *in forma pauperis* as Plaintiff had at least three strikes[1] under

6    section 1915(g) prior to its filing and finding that Plaintiff had not shown that he was in imminent

7    danger of serious physical injury at the time he filed suit which precluded him from proceeding *in*

8    *forma pauperis*.  Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from

9    proceeding *in forma pauperis* in this action unless at the time the Complaint was filed, he was

10   under imminent danger of serious physical injury.

11         The Court has reviewed Plaintiff's Complaint and finds that he does not meet the

12   imminent danger exception.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  In

13   this action, Plaintiff complains of events that occurred at three separate detention facilities:  Deuel

14   Vocational Institution ("DVI") in Tracy, California (¶¶ 12-22); Pelican Bay State Prison ("PBSP")

15   in Crescent City, California (¶¶ 21-42); and Corcoran State Prison ("CSP") in Corcoran,

16   California (¶¶43-80).  However, when Plaintiff filed this action, he was housed at Salinas Valley

17   State Prison ("SVSP") in Soledad, California.  (*See* Doc. 1, p. 1.)  The Complaint contains

18   allegations regarding past retaliatory wrongs that occurred at DVI, PBSP, and CSP.  Plaintiff does

19   not state any allegations of wrongdoing at PVSP.  Thus, Plaintiff's allegations do not show that he

20   was in imminent danger of serious physical injury at PVSP at the time he filed suit, which

21   precludes him from proceeding *in forma pauperis* in this action.  *Andrews v. Cervantes*, 493 F.3d

22   1047, 1056-57 (9th Cir. 2007).

23         On April 20, 2015, Plaintiff filed a motion requesting the District Court's consideration

24   and review of his Complaint.  (Doc. 11.)  In that motion, Plaintiff alleges that the Clerk of the

25   ―――――――――――――

26   [1] The cases relied on in that action were Case Nos. CIV-S-08-2087 EFB P which was dismissed for failure to state a claim upon which relief could be granted; the second was the appeal of that same case, Ninth Circuit Case No. 11-15044 which summarily affirmed the district court's dismissal for failure to state a claim and on which mandate

27   issued on May 16,2 011; and the third was CIV-S-09-3326 FCD DAD P which was dismissed as duplicative of another action Plaintiff had filed.  The Court also notes that the Court dismissed another of Plaintiff's cases, *Turner v.*

28   *Gipson, et al.*, Case No. 1:11-cv-01395-GBC, on April 13, 2012 due to his failure to state a claim.

1   Court has obstructed his "access to freely communicate with the court by motion practice to

2   prosecute this action;" that too much money are being "extorted" from his prison account under

3   the order granting his *in forma pauperis* status; that he intends to seek default judgment based on

4   "the prejudices complained of . . . commercial crimes under admiralty [sic] maritime laws and

5   the prejudice impedes [his] court access to due process/equal protection clause of the 4th, 8th,

6   9th, 10, 13th, and 14th Amends. to the U.S. Const.;" and that he "invokes his rights under the War

7   Powers Act § 1933" requesting a hearing and review of his Complaint.  (*Id.*)  Revocation of

8   Plaintiff's *in forma pauperis* status will resolve Plaintiff's protestation that a lien has been placed

9   against his prison account for too high of a percentage of the filing fee and Plaintiff's request for a

10  hearing and review of his Complaint should be denied as his case will be screened for cognizable

11  claims after Plaintiff pays the filing fee in full.

12  **C.  CONCLUSION and RECOMMENDATION**

13          Plaintiff had more than three strikes under 28 U.S.C. §1915(g) before he filed this action.

14  His allegations do not establish that he was facing imminent danger of serious physical injury at

15  the time the Complaint was filed -- when he was housed at PVSP.  Thus, the Court recommends

16  that Plaintiff's *in forma pauperis* status be revoked, that Plaintiff be ordered to pay the filing fee

17  for this action in full, and that Plaintiff's motion for consideration and review of his Complaint be

18  denied.[2]

19          Accordingly, it is HEREBY RECOMMENDED that:

20          1.      Plaintiff's in forma pauperis be revoked and the order that granted it be stricken

21                  from the record;

22          2.      Plaintiff be ordered to pay the $400.00 filing fee in full; and

23          3.      Plaintiff's motion for consideration and review of his Complaint, filed April 20,

24                  2015 (Doc. 11), be denied.

25          These Findings and Recommendations will be submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 30

27

28  [2] Once Plaintiff pays the filing fee in full, the action will be placed in line to be screened for cognizable claims.

3

days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **April 29, 2015**                         **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE

4