# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RECARDO GONZALES-TURNER,<br><br>          Plaintiff,<br><br>   v.<br><br>SANDOR, et al.,<br><br>          Defendants. | **Case No. 1:15-cv-00131-LJO-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND TO REQUIRE PLAINTIFF TO PAY THE FILING FEE**<br><br>**(Docs. 3, 5, 11, 12)** |

      Plaintiff, Anthony Recardo Gonzales-Turner, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 29, 2015, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to revoke Plaintiff's *in forma pauperis* status in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had at least three strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit. (Docs. 7, 12.) This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days. (*Id.*) Plaintiff filed timely objections.

      As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.  Such dismissals are colloquially referred to as "strikes."  As also accurately noted in the F&R, Plaintiff had at least three strikes[1] under section 1915(g) prior to filing this action.  Thus, Plaintiff may only proceed under section 1915(g) if he meets the imminent danger of serious physical injury exception.

The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003).  *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing.  *See Andrews* at 1053.

As found in the F&R, Plaintiff's Complaint does not satisfy the imminent danger exception -- events that occurred at facilities where Plaintiff was housed prior to the time that he filed the Complaint do not equate to a showing of imminent danger at the time of its filing when Plaintiff was housed at a completely different facility.  Plaintiff objects that "the Green Wall" is causing retaliatory actions against him at every facility he is housed in, but provides no factual allegations to support such an assertion and did not make any allegations in the Complaint regarding his treatment at the facility where he was housed when he filed the Complaint -- Pelican Bay State Prison.  Whether he is experiencing imminent danger now, at Pelican Bay State Prison may provide fodder for an imminent danger exception upon which he may be eligible to obtain *in forma pauperis* status on any such claims that might be cognizable in a new action, but does not retroactively cure the defect in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis.  Plaintiff does not satisfy the imminent danger

---

[1] Judicial notice was taken of *Turner v. Cates, et al.*, Case Number 2:11-cv-01744-CKD P which relied on Case Nos. CIV-S-08-2087 EFB P which was dismissed for failure to state a claim upon which relief could be granted; the appeal of that same case, Ninth Circuit Case No. 11-15044 which summarily affirmed the district court's dismissal for failure to state a claim and on which mandate issued on May 16,2 011; and CIV-S-09-3326 FCD DAD P which was dismissed as duplicative of another action Plaintiff had filed.  It was also noted that *Turner v. Gipson, et al.,* Case No. 1:11-cv-01395-GBC was dismissed on April 13, 2012 for Plaintiff's failure to state a claim.

exception to section 1915(g).  *See Andrews*, 493 F.3d at 1055-56.  Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate the claims he raises in this action.

        Accordingly, IT IS HEREBY ORDERED that:

1. The Finding and Recommendation, filed April 29, 2015 (Doc. 12), is adopted in full;
2. Plaintiff's *in forma pauperis* status is revoked;
3. Within thirty days from the date of service of this order, Plaintiff is required to pay the $400.00 filing fee for this action in full; and
4. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 2, 2015**               /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE